IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division



FILED
FEB 21 2017
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:17-mj-81 |
| | ) | |
| JESUS R. MUCHACHO, | ) | **UNDER SEAL** |
| | ) | (Pursuant to Local Rule 49(B)) |
| Defendant. | ) | |

### GOVERNMENT'S MOTION TO SEAL COMPLAINT AND ARREST WARRANT

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the complaint, arrest warrant, this motion to seal, and the Order to seal until the defendant is arrested.

**I.   Reasons for Sealing (Local Rule 49(B)(1))**

1.   The government knows the area where the defendant is living and intends to arrest him fairly promptly. Until then, however, the government does not want him to become aware that there is an outstanding arrest warrant. The government is concerned that if the defendant, a native of Venezuela and a dual citizen, becomes aware of an outstanding warrant for his arrest, he will flee the area. Accordingly, the government requests that this matter be sealed until the defendant's arrest, at which time if the defendant is released, the Court can set bond conditions that will make it less likely that he will flee.

**II.   References to Governing Case Law (Local Rule 49(B)(2))**

2.   The Court has the inherent power to seal complaints and arrest warrants to protect an ongoing investigation. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir.

1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the complaint is appropriate where there is a substantial probability that the release of the sealed document would compromise the government's on-going investigation severely. *See, e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F. Supp. 366 (D. Kan. 1992).

### III. Period of Time Government Seeks to Have Matter Remain Under Seal (Local Rule 49(B)(3))

3. The complaint would need to remain sealed until the defendant is arrested.

4. Upon occurrence of the arrest event, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

5. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the complaint, arrest warrant, this motion to seal, and the proposed order be sealed until the defendant is arrested.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: */s/ Sullivan*

Edward P. Sullivan, Special Assistant U.S. Attorney
Grace L. Hill, Assistant U.S. Attorney
Counsel for the United States
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3700
Tel: 202-305-1746
edward.p.sullivan@usdoj.gov
edward.sullivan@usdoj.gov
grace.hill@usdoj.gov